**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| | * | |
| **ANTOINNETTEIA KNIGHT,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | Civil Case No. SAG-23-3502 |
| | * | |
| **NATIONSTAR MORTGAGE, LLC d/b/a** | * | |
| **MR. COOPER,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM OPINION**

Antoinnetteia Knight ("Plaintiff"), who is self-represented, filed a Complaint against her husband's former mortgage servicer, Nationstar Mortgage, LLC d/b/a Mr. Cooper ("Nationstar"). ECF 1. While the Complaint is not a model of clarity, it appears that Plaintiff asserts claims for (1) violation of the Fair Debt Collection Practices Act, *id.* at 6, (2) unfair practices related to omission and misrepresentation, *id.* at 21; (3) violation of the Garn-St. Germain Depository Institutions Act of 1982, *id.* at 22; (4) deceptive foreclosure, *id.* at 22–23; and (5) breach of the implied warranty of good faith and fair dealing, *id.* at 24. Nationstar has filed a motion to dismiss, ECF 13, arguing that Plaintiff's claims are time barred, barred by *res judicata* and the *Rooker-Feldman* doctrine, and otherwise fail to state a claim. Plaintiff opposed the motion, ECF 15, Nationstar filed a reply, ECF 16, and Plaintiff filed what would ordinarily be an impermissible sur-reply but has been considered by this Court due to Plaintiff's self-represented status, ECF 17. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated below, Nationstar's motion must be GRANTED, and Plaintiff's claims must be dismissed.

1

I.      **FACTUAL BACKGROUND**

The facts described herein are taken from Plaintiff's Complaint and are taken as true for purposes of this motion. Plaintiff's now-deceased husband purchased a home in 1987. ECF 1 ¶ 12. He refinanced the property with Countrywide in 2007, but Countrywide sold the mortgage to Bank of America. *Id.* ¶ 14. Nationstar acquired the mortgage servicing rights on June 4, 2013. *Id.* ¶ 16. Plaintiff's husband did not receive any paperwork from Nationstar at the time of the transfer. *Id.* ¶ 19.

Plaintiff's husband died on February 6, 2014. *Id.* ¶ 22. A few weeks later, a Nationstar representative came to Plaintiff's home asking her to vacate the property. *Id.* ¶ 23. About two weeks later, Plaintiff received a notice of eviction and appeared in state court for a landlord-tenant hearing. *Id.* ¶ 24. Plaintiff remained in her home, but in the beginning of 2015, Nationstar told Plaintiff that all future payments had to be by money order. *Id.* ¶ 25. In October, 2015, Nationstar advised that it was invoking the due-on-sale clause in the loan agreement. *Id.* ¶ 26. Through September, 2016, Plaintiff paid all monthly mortgage loan payments on time by money order. *Id.* ¶ 27. Nationstar notified Plaintiff in November, 2016 that monthly payments would no longer be accepted since she was not a party to the loan. *Id.* ¶ 48. On March 21, 2017, Nationstar's substitute trustees filed a foreclosure action in the Circuit Court for Baltimore City. *Id.* ¶ 50. Nationstar sold the property at a foreclosure auction on July 6, 2017. *Id.* ¶ 51.

This Court is permitted to take judicial notice of the public records of the state court foreclosure proceeding, in Circuit Court for Baltimore City, Case No. 24-O-17-000519 (the "Foreclosure Case"), which was affirmed on appeal in *Knight v. Brown*, No. 1916, Sept. Term 2017, 2019 WL 1220819 (Md. Ct. Spec. App. Mar. 14, 2019). The records reflect that Plaintiff did not file a motion to stay or dismiss the Foreclosure Case and did not file any objection or response

to the foreclosure before the sale. The then-Maryland Court of Special Appeals affirmed the circuit court's ratification of the foreclosure sale, noting that Plaintiff's "arguments in her exceptions all complained of Nationstar's conduct leading up to the foreclosure sale." *Id.* at *5. The court found that those "issues were knowable and ripe prior to the foreclosure sale" and that Plaintiff "was required to file a motion to stay or dismiss pursuant to Maryland Rule 14-211 *prior* to the sale." *Id.* (emphasis in original).

## II.    LEGAL STANDARDS

Under Rule 12(b)(6), a defendant may test the legal sufficiency of a complaint by way of a motion to dismiss. *See In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* 8(a)(2). The purpose of the rule is to provide the defendant with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.*; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). However, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Further, federal pleading rules "do not countenance dismissal of a complaint for

imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id.*

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). However, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

While analysis of a motion to dismiss is typically confined to the contents of the complaint, Nationstar has attached a number of exhibits to its motion, consisting of records filed in the state

foreclosure action. *See* ECF 13–2–13-4. This Court is permitted to consider those exhibits, which constitute official public records. *See* FED. R. EVID. 201; *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508–09 (4th Cir. 2015).

Because Plaintiff is self-represented, her pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because she is self-represented. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also M.D. v. Sch. Bd.*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

## III.  ANALYSIS

Plaintiff's claims all arise out of actions allegedly taken by Nationstar prior to and at the time of its foreclosure on her home in July, 2017. The foreclosure sale was ratified on October 31, 2017. The law strictly requires that a plaintiff bring claims in court within a certain time after the injury occurs, known as a "statute of limitations." The applicable statute of limitations for most of

Plaintiff's claims, under Maryland law, is three years.[1] *See* MD. CODE ANN. CTS & JUD. PROC. § 5-101 (general statute of limitations); *Walker v. Chase Manhattan Mortg. Corp.*, No. 1487, Sept. Term 2019, 2021 WL 2229635, at *12 (Md. Ct. Spec. App. June 2, 2021) (applying the general statute of limitations to Maryland state law claims for fraud and breach of good faith and fair dealing); MD. CODE ANN. REAL PROP. § 7-105.1(q) (applying to wrongful foreclosure claims); *Fontell v. Hassett*, 870 F. Supp. 2d 395, 415 (D. Md. 2012) (applying a three-year statute of limitations to the Maryland Consumer Protection Act). Plaintiff's claim under the Fair Debt Collection Practices Act is subject to an even shorter statute of limitations, one year.[2] *See* 15 U.S.C. § 1692k(d). Thus, any lawsuit contesting any of Nationstar's actions leading up to or culminating in the foreclosure of Plaintiff's home would have had to be filed by, at the latest, 2020. Plaintiff did not file the instant action until late December, 2023, more than six years after the foreclosure. Unfortunately, then, all of her claims are clearly time-barred.

Even had Plaintiff's claims been filed timely, however, they would largely be barred by *res judicata.* Plaintiff had a full and fair opportunity to litigate the foreclosure-related issues during her appeal of the state court foreclosure proceeding in 2019. *Res judicata* precludes the re-litigation

---

[1] To the extent Plaintiff intends to assert claims sounding in fraud, she would have to meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b) in order to do so. Rule 9(b) requires that a plaintiff "state with particularity the circumstances constituting fraud or mistake. FED. R. CIV. P. 9(b). Particularity includes alleging the time, place, nature, and speaker of any alleged misrepresentation. *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999). That level of detail is absent from Plaintiff's Complaint. But the fraud claims, in any event, would also be subject to a three-year statute of limitations.

[2] While Plaintiff also asserts a claim citing the Garn-St. Germain Depository Institutions Act of 1982, that statute provides no private right of action and therefore cannot be the basis of a lawsuit filed by a private citizen. *See Dupuis v. Yorkville Fed. Sav. & Loan Ass'n*, 589 F. Supp. 820, 822 (S.D.N.Y. 1984) (finding no private right of action in this statute, which preempts due-on-sale clauses). Additionally, the state court addressed Plaintiff's allegations regarding that statute during the foreclosure appeal. *See Knight*, 2019 WL 1220819, at *3–*4.

of a claim where there is a previous final judgment on the merits in a court of competent jurisdiction, the parties are the same or are in privity, and the claims in the second case are based on the same cause of action as the first case. *See Covert v. LVNV Funding, LLC*, 779 F.3d 242, 246 (4th Cir. 2015). "Claims are part of the same cause of action when they arise out of the same transaction or series of transactions, or the same core of operative facts." *Id.* at 247 (quoting *Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999)). All of Plaintiff's claims in this case were raised or could have been raised as part of the foreclosure appeal. Accordingly, she cannot seek to adjudicate them in federal court years later and her claims must be dismissed.[3]

## IV.    CONCLUSION

For the reasons set forth above, Nationstar's Motion to Dismiss, ECF 13, must be GRANTED, and Plaintiff's claims must be dismissed with prejudice because they are time-barred. *See Foy v. Giant Food, Inc.*, 298 F.3d 284, 291 (4th Cir. 2002) (affirming dismissal with prejudice where plaintiff's claims were time-barred). A separate Order follows.

Dated:  June 18, 2024                                        _____/s/_____
                                                                              Stephanie A. Gallagher
                                                                              United States District Judge

---

[3] Because the Court finds dismissal appropriate based on the applicable statute of limitations and *res judicata*, it need not address the *Rooker-Feldman* doctrine.